IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06–cv–00590–EWN–MEH

MERCIDITA GARCIA,
CHARLES DONALDSON,
JACQUELINE TRUILLO,
JIM SIRHAL,
TRAVIS MARQUARDT,
LEEANN CAMP,
DAVID HEREDITA,
CARLOS VENEGAS,
SHANNON HORNER,
ROXANNE COPE,
REBECCA HILTUNEN,
EDITH KEATING,
KATIE KENYON, and
EDITH ANDERSON,

    Plaintiffs,

v.

CORINTHIAN COLLEGES, INC.,
a Delaware corporation,

    Defendant.

---

## ORDER DENYING MOTION TO REMAND

---

This matter comes before the court on Plaintiffs' motion to remand the case to state court. Plaintiffs advance three reasons. First, they argue, application of common sense to the nature of the claims, the statute under which they were brought, and the categories of damages sought

would lead ineluctably to the conclusion that the case was removable from its inception. Second, the civil cover sheet filed with the state court declared that Colorado's simplified rules of procedure did not apply because Plaintiffs were seeking more than $100,000 damages apiece. Third, Plaintiffs maintain that proper investigation at the beginning of the case would have disclosed the required jurisdictional amount. Thus, conclude Plaintiffs, the attempted removal was untimely.

The second reason appears to ignore the circumstance that the civil cover sheet was filed with the court but never served on Defendant. The thirty-day period specified in the removal statute is triggered by a defendant's "receipt . . . of a copy of . . . [any] other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b) (West 2006). Sworn papers attached to Defendant's response state that the civil cover sheet was not received by Defendant until shortly before the case was removed. Plaintiffs' reliance on the civil cover sheet is thus misplaced.

Nor is the court persuaded by the first and third reasons, which both suffer from the defect that they are vague and elastic and thus do not represent a sound, rational, or clear basis for judging the bases for removing cases from state to federal court. A removing party should not have to divine the existence of the jurisdictional amount from the circumstances surrounding a case, upon pain of facing a motion to remand (and assessment of costs) if its guess is wrong. Nor should it have to investigate the other party's case. While removal is disfavored, it should not be a gauntlet which is impossible to negotiate. That is why the removal statute is keyed to the receipt of some sort of paper from which removability may be ascertained.

For the reasons recited herein, it is

**ORDERED** that the motion to remand (#7) be DENIED.

Dated this 24th day of April, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge